UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE RODRIGUEZ,

                Plaintiff,

    -against-

THE TRAVELERS COMPANIES, INC.,

                Defendant.
------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT AND**
**DEMAND FOR TRIAL BY JURY**

Plaintiff, GEORGE RODRIGUEZ, by his attorneys, HACH & ROSE, LLP, complaining of the defendant, alleges upon information and belief, as follows:

## PARTIES

1. That at all times hereinafter mentioned Plaintiff, GEORGE RODRIGUEZ, was and still is a resident of the County of New York, City and State of New York.

2. Plaintiff GEORGE RODRIGUEZ was operating a motor vehicle owned by Flexprint, LLC, who on the date of the accident, was and remains, a limited liability company, with a principal place of business and headquarters maintained in Mesa, Arizona.

3. Defendant THE TRAVELERS COMPANIES, INC. was, on the date of the accident, and remains, a Minnesota corporation, that insured the owner of the vehicle the Plaintiff was operating.

## JURISDICTION & VENUE

4. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 (a) because the action arises between citizens of different states and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Defendant because Defendant conducts business in New York and has sufficient minimum contacts with New York.

7. Venue is properly placed in the United States District Court for the Eastern District of New York based upon 28 USC 1391(2)(b) and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## DEMAND FOR TRIAL BY JURY

8. By the powers conferred to the plaintiff under the Federal Rule of Civil Procedure Rule 38 and the 7th Amendment of the United States Constitution, plaintiff hereby demands a trial by jury of all issues.

## THE INSURANCE POLICY

9. That at all times hereinafter mentioned Defendant THE TRAVELERS COMPANIES, INC. (hereafter referred to as "TRAVELERS") was and still is a corporation licensed to do business in the State of New York, and is in the business of, among other things, providing automobile insurance coverage.

10. In connection with such business, Defendant TRAVELERS issues and administers policies of automobile insurance which provides coverage for claims arising out of motor vehicle collisions, in particular for claims of loss, damages, and/or injury.

11. In connection with such insurance business, Defendant TRAVELERS issued an insurance policy number 810-5P433431-20-I3-G, in whole or in part insuring the owner of the vehicle Flexprint, LLC, for the period including September 3, 2020.

12. Pursuant to said policy, in consideration of certain sums of money as premium duly paid, Defendant TRAVELERS provided Supplementary Uninsured/Underinsured Motorist coverage in the amount of $1,000,000.00 dollars.

13. Said policy ("the Policy") was valid and in effect on September 3, 2020.

## THE SEPTEMBER 3, 2020 MOTOR VEHICLE ACCIDENT

14. On September 3, 2020, Plaintiff GEORGE RODRIGUEZ was a lawful operator of 2020 Nissan motor vehicle bearing vehicle identification number KNMAT2MV5LP17268 insured under the Policy, (as "Insured Vehicle"), on the Bruckner Boulevard, at or near the intersection with Barretto Street, County of Bronx and State of New York.

15. On September 3, 2020, the insured Vehicle that was being operated by Plaintiff GEORGE RODRIGUEZ was in contact with a second vehicle, which vehicle, upon information and belief was being operated by JONGWOOK LEE and was owned by KYUNG SUN YI.

16. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the operator of the motor vehicle that was operated by JONGWOOK LEE and owned by KYUNG SUN YI without any fault or negligence on the part of the Plaintiff contributing thereto.

17. That Plaintiff was not in any way responsible for the foregoing occurrence.

18. That the Plaintiff has in all relevant aspects complied with all the relevant provisions of the Policy.

19. That by reason of the foregoing, Plaintiff GEORGE RODRIGUEZ sustained severe and permanent personal injuries to his lumbar spine and right knee, and was required to undergo (as to the lumbar spine) (i) right retro-peritoneal exposure lumbar spine left, (ii) anterior lumbar interbody decompression, diskectomy & fusion, (iii) aspiration of iliac crest bone marrow, and (as to the right knee) (iv) arthroscopic debridement and partial medial and partial lateral meniscectomy, (v) arthroscopic debridement and synovectomy, (vi) arthroscopic chondroplasty of the medial femoral condyle, lateral tibial plateau, patella, and trochlea, and (vii), arthroscopic removal of loose bodies.

20. That by reason of the foregoing, Plaintiff GEORGE RODRIGUEZ was severely injured and damaged, rendered sick, sore, lame, and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience, and other effects of such injuries; Plaintiff incurred in the past and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to Plaintiff's great damage.

21. That by reason of the foregoing, Plaintiff GEORGE RODRIGUEZ suffered a serious injury as defined by Section 5102 of the Insurance Law of the State of New York.

22. That by reason thereof, Plaintiff GEORGE RODRIGUEZ is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of "basic economic loss" as set forth in Section 5102 of the Insurance Law of the State of New York.

23. That Plaintiff GEORGE RODRIGUEZ is a "covered person" as defined by Section 5102 of the Insurance Law of the State of New York.

24. That by reason of the foregoing, Plaintiff GEORGE RODRIGUEZ has been damaged in an amount which exceeds the jurisdictional limits of $75,000.00 dollars.

25. It is estimated that ongoing treatment of Plaintiff GEORGE RODRIGUEZ's cervical, thoracic and lumbar spinal disorders will require pain management, physical therapy and medications. They will cost between $5,000.00 and $10,000.00 per year. It is further estimated that Plaintiff GEORGE RODRIGUEZ will require further spinal procedures which will cost between $100,000.00 and $500,000.00. He will require revision surgery of the low back within 10-15 years of each procedure respectively, and each will

cost between $100,000.00 and $500,000.00 with increased risk of complication during revision surgery that also will add expense.

## THE SETTLEMENT WITH GEICO

26. The vehicle operated by JONGWOOK LEE and owned by KYUNG SUN YI was insured by GEICO GENERAL INSURANCE COMPANY ("GEICO") which provided Bodily Injury Insurance in the amount of $100,000.00 on the date of the September 3, 2020 motor vehicle accident.

27. After the September 3, 2020 motor vehicle accident and negotiations, GEICO tendered the full $100,000.00 insurance coverage in settlement of Plaintiff GEORGE RODRIGUEZ's claims against JUNGWOOK LEE and KYUNG SUN YI.

28. As required under the terms of the policy, plaintiff sought and received consent from the defendant in order to settle the GEICO claim.

## DEFENDANT'S BREACH OF THE POLICY

29. After the aforementioned settlement with GEICO, Plaintiff GEORGE RODRIGUEZ demanded that Defendant TRAVELERS tender $900,000.00 ($1,000,000.00 offset by the $100,000.00 settlement with GEICO) to settle his claims pursuant to the Supplementary Uninsured/Underinsured Motorist coverage under the Policy.

30. Thereafter, Defendant TRAVELERS refused to tender the $900,000.00 pursuant to the Supplementary Uninsured/Underinsured Motorist coverage under the Policy.

31. That by reason thereof, Defendant TRAVELRS is in breach of contract under the Policy.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF GEORGE RODRIGUEZ

32. The allegations of paragraphs 1-30 are incorporated herein by reference, as if fully set forth at length herein.

33. Plaintiff operated a motor vehicle with the permission of the vehicle owner Flexprint, LLC. Flexprint, LLC and Defendant entered into an agreement/contract (aka the Policy) for the provision of insurance coverage arising from motor vehicle accidents, including coverage for bodily injuries sustained by Plaintiff.

34. Defendant TRAVELERS issued an insurance policy number 810-5P433431-20-I3-G, in whole or in part insuring the Plaintiff GEORGE RODRIGUEZ for the period including September 3, 2020.

35. Plaintiff duly performed all duties and obligations as required to be performed by Plaintiff under the Policy.

36. Pursuant to said policy, in consideration of certain sums of money as premium duly paid, Defendant TRAVELERS provided Supplementary Uninsured/Underinsured Motorist coverage in the amount of $1,000,000.

37. Said policy ("the Policy") was valid and in effect on September 3, 2020.

38. Defendant TRAVELERS breached the Policy by failing to tender the $900,000.00 ($1,000,000.00 offset by the $100,000.00 settlement with GEICO) available under the Supplementary Uninsured/Underinsured Motorist coverage from the Policy.

39. The actions of Defendant TRAVELERS constituted a breach of contract under the Policy.

40. The actions of Defendant TRAVELERS also constituted a breach of the implied covenant of good faith and fair dealing.

41. As a direct and proximate result of Defendant TRAVELERS's breaches of contract, Plaintiff has and will likely suffer losses in excess of $900,000.00 dollars.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendant in all causes of action, for the following relief:

a) Compensatory and/or punitive damages in the sum of Nine Hundred Thousand Dollars ($900,000.00);

b) Pre- and post-judgment interest, attorneys' fees, costs of the suit; and

c) For such other relief as the Court deems fair, equitable and just.

Dated: New York, New York
       February 12, 2024

 

**Rourk Mulderig, Esq. (RAM0499)**
**HACH & ROSE, LLP**
**Attorney for Plaintiff**
**Office & P.O. Address**
**112 Madison Avenue, 10th Floor**
**New York, NY 10016**
**(212) 779-0057**